IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| WILHELMINA ANDERSON, 34006-037 | * | |
| Plaintiff | | |
| v. | * | CIVIL ACTION NO. L-07-313 |
| THE BALTIMORE SUN, | * | |
| ELIZABETH LUKES, | | |
| SHARAH GERING, | | |
| Defendants | * | |
| | *** | |

## MEMORANDUM

Pending is Wilhelmina Anderson's ("Anderson") pro se 42 U.S.C. § 1983 complaint and motion to proceed in forma pauperis. Because the legal issues are clear, a hearing is unnecessary. See Local Rule 105.6 (D. Md. 2004). For the reasons stated below, the Court will, by separate Order, grant Anderson's motion but will dismiss the complaint sua sponte.

**I.     BACKGROUND**

On February 5, 2007, Anderson filed a complaint under 42 U.S.C. § 1983 which alleged that Elizabeth Lukes and Sharah Gering wrote, and The Baltimore Sun published, a defamatory article.[1] Anderson contends that:

> The Baltimore Sun Paper, Elizabeth Luke and Sharah Gering on Tuesday, April 12, 2005 deliberately printed false statements, libel, negligence, reckless disregard for the truth, along with discrimination against foreigners, convicted

---

[1] As stated, Anderson also filed a motion to proceed in forma pauperis. The motion was not properly supported with information regarding Anderson's financial condition. Because Anderson has been a federal prisoner for several years, however, the Court presumes that she is indigent within the meaning of 28 U.S.C. §1915(a). Accordingly, the Court will grant the motion. (Docket No. 2)

fellons, and me Wilhelmina Anderson.[2]

(Docket No. 1 at 4.)

## II.   ANALYSIS

The complaint must be dismissed as frivolous.  See 28 U.S.C. § 1915(e)(2)(B)(i); Neitzke v. Williams, 490 U.S. 319, 325 (1989).  A threshold and jurisdictional requirement of a § 1983 claim is that the named defendants must be acting "under color of" state law.  See 28 U.S.C. § 1343(a)(3); West v. Adkins, 487 U.S. 42, 49 (1988).  The Baltimore Sun is a private corporation, not a state actor.  Its writers are private employees, not state officers.  Writing and publishing the article does not constitute state action.  Accordingly, Anderson's complaint must be dismissed.[3]

## III.   CONCLUSION

For the reasons stated herein, the Court will, by separate Order, DISMISS the complaint and DIRECT the CLERK to CLOSE the case.

Dated this 13th day of April 2007.                                         /s/

                                                                                            Benson Everett Legg
                                                                                            Chief Judge

---

[2]   Anderson neither attached the article to her complaint nor quoted from it.  The Court was unable to locate a copy of the article online.

[3]   The Court notifies Anderson that if she continues to file frivolous suits she risks being barred from filing future suits in forma pauperis.  In pertinent part, § 1915(g) provides that: "In no event shall a prisoner bring a civil action...under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."